UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAMON LOPEZ,

    Plaintiff,

v().                                                   Case No.  5:11-cv-57-Oc-23PRL

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

**ORDER**

    Lopez serves a life sentence as a result of convictions in the Southern District of Florida for narcotics offenses, failure to appear, and attempted escape. *United States of America v. Lopez*, case no. 90-cr-389 (S.D. Fla); 91-cr-317 (S.D. Fla.).  Lopez's complaint (Doc. 18) against the United States and various Bureau of Prisons' employees alleges claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing civil rights suits against individual federal officials), the Federal Tort Claims Act (FTCA), the Freedom of Information Act, and the Administrative Procedure Act.

    The United States, Harrel Watts, Steven Mora, C. R. Ayers, J. Kajander, and J. Bengford move to dismiss under Rule 12(b)(2) and (b)(6), Federal Rules of Civil Procedure, (Docs. 42 and 54) for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

## Lopez's Allegations

Lopez states that in his criminal actions the Southern District of Florida ordered him to pay fines totaling $45,000. Lopez further states that he later received several insurance payments for damages caused to his home by Hurricanes Katrina and Wilma and that these insurance payments were deposited into his prison inmate account at FCC Coleman.

On November 10, 2009, the United States District Court for the Southern District of Florida issued to the Bureau of Prisons two "Writs of Garnishment" directed to Lopez's prison account to collect the fines imposed in Lopez's criminal actions. (Doc. 42, Ex. 2; case no. 90-cr-389 (S.D. Fla); 91-cr-317 (S.D. Fla.)) Lopez (1) alleges that he became unable to withdraw the insurance money from his prison account, (2) alleges that he filed an unspecified number of FOIA requests asking why he could no longer withdraw from his account, and (3) alleges that he did not have sufficient funds to buy, among other things, basic hygiene items, over-the-counter medications, postage, copy cards, and typing material. Lopez seeks damages.

## Standard of Review

Rule 12(b)(6), Federal Rules of Civil Procedure, states that any defendant may assert the defense of "failure to state a claim upon which relief can be granted." Further, a pleading must contain both a "short and plain statement of the claim showing that the pleader is entitled to relief" and a demand for the relief sought.

Rule 8(a)(2) and (a)(3), Federal Rules of Civil Procedure. In deciding whether to grant a motion to dismiss on these grounds, a court must accept "the allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Starosta v. MBNA America Bank*, N.A., 244 Fed. Appx. 939, 941 (11th Cir. 2007) (*quoting Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005)). However, "a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. . . ." *Bell Atlantic Corp. et al. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1959.

Although a *pro se* litigant receives some leeway in pleading, a *pro se* litigant is "not relieved of his obligation to allege sufficient facts to support a cognizable legal claim"; "to survive a motion to dismiss, a Plaintiff must do more than merely label his claims." *Excess Risk Underwriters, Inc. v. Lafayette Ins. Co.*, 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002). Dismissal results "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (*citing Marshall City Bd. Of Educ. v. Marshall City Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

### Discussion

**Insufficient Service of Process**

Lopez fails to properly serve Middlebrooks, Ayers, Bengford, Campbell, and Church, and under Rule 12(b)(5), Federal Rules of Civil Procedure, these defendants

should be dismissed.  "Service of process is a jurisdictional requirement:  a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).  Accordingly, the court lacks *in personam* jurisdiction as to these defendants.  Because other circumstances warrant dismissal, the court will not direct Lopez to serve these defendants.

**Official Capacity Claims**

To the extent Lopez raises these claims against the defendants in their official capacity, the claims are against the United States and they are not cognizable.  The doctrine of sovereign immunity protects the United States from suit absent waiver. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  The United States has not waived sovereign immunity from liability for an award of damages arising from an alleged violation of the Constitution. *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994).

**Bivens claims**

Lopez's *Bivens* claims should be dismissed for failure to state a claim upon which relief can be granted.  Although Lopez claims the defendants, attempting to collect criminal fines, violated the Fourth Amendment by placing an encumbrance of $45,000 on his prison account, Lopez alleges no cognizable Fourth Amendment violation.  To enforce the collection of the fines owed by Lopez as part of the criminal judgments in the two criminal cases, the United States District Court for the

Southern District of Florida directed the defendants to collect Lopez's assets. Correctional officers and any other Bureau of Prisons' employee were required to comply with the court's orders.

To the extent they are sued in their individual capacities, the defendants assert the defense of qualified immunity. The Eleventh Circuit applies a two-part analysis to evaluate a qualified immunity defense. First, the defendants must prove that they were acting within the scope of their discretionary authority when the allegedly wrongful acts occurred; and second, if the defendants meet this burden, Lopez must demonstrate that the defendants violated clearly established law.

There is no dispute that the defendants were acting within the scope of their discretionary authority. Consequently, the burden shifts to Lopez to demonstrate that qualified immunity is unavailable to the defendants. Lopez cannot show that the defendants' compliance with federal court orders violated clearly established law.

**FTCA claim**

The Federal Tort Claims Act provides a limited waiver of sovereign immunity for actions against the United States involving, "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where

the act or omission occurred."[1]  Lopez's FTCA claim should be dismissed because Lopez cannot allege any fact that supports a negligence claim.  Valid writs of garnishment were issued against Lopez' account.  Lopez cannot state a legally cognizable claim for relief under the FTCA.

**FOIA Claim**

Lopez alleges that he filed at least two Freedom of Information Act[2] (FOIA) requests and that he received none of the requested documents.  Lopez identifies no document both responsive to his request and not produced.

The Freedom of Information Act "clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts."  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (1994); 5 U.S.C. §552(a)(6)(A).  The defendants maintain that Lopez has failed to exhaust his administrative remedies with respect to this claim.  Lopez filed two FOIA requests requesting all information about the encumbrance of funds in his inmate account.  Lopez filed FOIA request 10-07847, to which the Bureau of Prisons responded on June 10, 2010.  Lopez did not appeal the Bureau of Prisons' response to FOIA request 10-07847. (Doc. 18, Ex. E and H)

In his reply to the defendants' "Motion to Dismiss," Lopez states that he does not seek review of his FOIA request 10-07847. (Doc. 52, page 21)  What Lopez seeks in this claim is unclear.  In any event, to the extent Lopez seeks review of

---

[1] *Tisdale v. United States*, 62 F.3d 1367, 1370-71 (11th Cir. 1995) (*quoting* 28 U.S.C. § 1346(b)).

[2] 5 U.S.C. § 582

FOIA request 10-07847, this claim should be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim for which relief may be granted. *Taylor*, 30 F.3d at 1368 n.3.

With respect to Lopez's FOIA request No. 10-02251, the defendants filed a "Supplemental Motion to Dismiss." (Doc. 54)  On November 11, 2009, Lopez made an FOIA request for "any and all information related to the Encumbrance of funds from my commissary account dated 11/6/09 . . . ." (Doc. 54, Ex. 1)  On December 8, 2009, the Bureau of Prisons turned over the documents both available at the Bureau of Prisons and responsive to Lopez's request.  (Doc. 54, Ex. 2)  Lopez appealed.  On March 3, 2010, the Office of Information Policy affirmed the Bureau of Prisons' action and found that the Bureau of Prisons' release of nineteen pages of records constituted a full release of responsive records.  (Doc. 54, Ex. 3 and 4)  The agency's search for documents was reasonable.  *See Valencia-Lucena v. U.S. Coast Guard*, 180 F. 3d 321, 325 (D.C. Cir. 1999).  Lopez fails to identify any document he believes the Bureau of Prisons failed to disclose.  Lopez fails to allege that the Bureau of Prisons' search was not reasonable or not in good faith.  Accordingly, Lopez's claim is without merit.

**APA Claim**

Lopez does not allege with any specificity how the defendants violated the Administrative Procedure Act, and this claim is wholly without merit.

## Conclusion

Accordingly, the defendants' "Motion to Dismiss" (Docs. 42 and 54) is **GRANTED** and the case is **DISMISSED**. The Clerk shall terminate any pending motion, enter a judgment of dismissal on each claim, and close the case.

ORDERED in Tampa, Florida, on August 27, 2013.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Case 1:18-cv-25132-RNS   Document 55   Entered on FLSD Docket 08/27/2013   Page 8 of 8