UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RAMON LOPEZ,**

    **Plaintiff,**

v.                                                          Case No: 5:11-cv-57-Oc-23PRL

**UNITED STATES OF AMERICA et al.,**

    **Defendants.**

### REPORT AND RECOMMENDATION[1]

Plaintiff, proceeding *pro se*, initiated this action by filing a Civil Rights Complaint (Doc. 1) and a subsequent (now operative) Second Amended Complaint asserting various claims. (Doc. 18). On August 27, 2013, the Defendants' motions to dismiss were granted and the case was dismissed. On July 15, 2016, the Eleventh Circuit affirmed the dismissal of Plaintiff's claims under *Bivens*, the FTCA, and the APA. (Doc. 73). The Eleventh Circuit, however, vacated the dismissal of Plaintiff's Freedom of Information Act ("FOIA") claims and remanded for further proceedings.

On December 18, 2017, Defendant, the United States of America, filed the instant motion to dismiss, or alternatively, for summary judgment, which the district judge referred to me for a report and recommendation. (Docs. 82, 86). The Clerk then issued a summary judgment notice to the parties, which advised Plaintiff of his obligation to respond within 21 days of the notice. After his request for discovery was denied (*see* Docs. 89, 93), Plaintiff responded to the motion and filed a cross-motion for summary judgment. (Docs. 98, 99).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

At issue here are several FOIA requests made by Lopez related to the BOP's encumbrance of his inmate account under writs of garnishment issued by the United States District Court for the Southern District of Florida to satisfy Lopez's criminal fines, as well as other alleged freezes to his account. (Doc. 18, Second Amended Complaint at ¶¶ 10, 12, 15 and Exhibits E, F, H). For the reasons discussed below, I submit that summary judgment should be entered in favor of the United States as to FOIA Request No. 2010-02251 and FOIA Request No. 2010-07847, and that Plaintiff's claim with respect to his August 19, 2010 FOIA Request be transferred to the United States District Court for the Southern District of Florida.

I. **Legal Standards**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the Court reviews "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Crawford v. Carroll*, 529 F.3d 961, 964 (11th Cir. 2008). The Court considers the "evidence and reasonable factual inferences drawn therefrom in a light most favorable to the non-moving party." *Id.* The moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant is successful on this score, the non-moving party must then come forward with sufficient evidence to establish the existence of the elements on which she will bear the burden of proof at trial. *Id.* at 322-23. The non-moving party may not simply rest on the pleadings, but must use evidence such as affidavits, depositions, answers to interrogatories, or admissions on file to show that there is a genuine issue of material fact that remains for trial. *Id.* at 324.

A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict" for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248

(1986). Which facts are material depends on the underlying substantive law. *Id.* The Court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the non-movant. *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). However, "[a] court need not permit a case to go to a jury ... when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

## II. Discussion

### A. FOIA Request No. 2010-02251

In FOIA Request No. 2010-02251, Lopez requested "any and all" information related to the encumbrance of funds from his commissary account, including the Warden's memorandum authorizing such encumbrance and any written, electronic, or other communication between all government employees and agencies involved in this matter. (Doc. 82-1 at 11). Lopez alleges that the BOP's search for responsive documents was unreasonable and not conducted in good faith.

FOIA requires a federal agency, upon a request for records that reasonably describes documents held by that agency, to make those documents promptly available unless the information within the records is protected from disclosure by a statutory exemption. 5 U.S.C. § 552(a)(3), (b). A plaintiff may file a complaint in federal court under the FOIA after exhausting his administrative remedies, and the district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The agency bears the initial burden of showing that its search was "reasonable." *Ray v. U.S. Dep't of Justice*, 908 F.2d 1549, 1558 (11th Cir. 1990), *rev'd on other grounds sub nom. U.S. Dep't of State v. Ray*, 502 U.S. 164 (1991). The agency must show that it conducted a search reasonably calculated to uncover all relevant documents, not that

its search was exhaustive, and the agency may meet its burden with relatively detailed affidavits of responsible officials. *Id.* If the agency satisfies its burden, "the burden shifts to the requester to rebut the agency's evidence by showing that the search was not reasonable or was not conducted in good faith." *Id*.

Here, the United States has offered declarations detailing the steps taken by the BOP in response to this FOIA request. (*See* Declaration and Certification of Records by Caixa M. Santos, Doc. 82-1; Declaration of Christine Greene, Doc. 82-1, Exhibit A). Specifically, Diane Greene explained that as a Paralegal Assistant with the Southeast Regional Office of the BOP, she was responsible for reviewing and processing FOIA requests assigned to the Southeast Regional Office. (Greene Declaration at ¶¶ 1, 4). Ms. Greene personally contacted the Business Office at FCC Coleman and requested "all records" related to the encumbrance on Lopez's account. (Greene Declaration at ¶ 9). While Lopez contends that the search should not have been limited to the Business Office, Caixa M. Santos averred that at the time of Lopez's request, the Business Office Administrator was the contact person for financial information related to inmate accounts. (*See* Santos Declaration at ¶ 4). The Business Office responded and provided Ms. Greene with nineteen pages of documents, which were then turned over to Lopez. (Greene Declaration at ¶¶ 9, 10; Santos Declaration at ¶ 5).

The Court finds that these declarations proffered by the United States are adequately detailed and sufficient to show that the BOP conducted a search reasonably calculated to uncover all requested materials. It is well-settled that FOIA does not require an agency to exhaust all files which conceivably could contain relevant information; rather, the standard is one of reasonableness. *Ray*, 908 F.2d at 1558-59. That standard is met here.

Nonetheless, in his various filings, Lopez has claimed that a reasonable search would have uncovered additional responsive documents including the Warden's memorandum authorizing the encumbrance on his account, answers to the writs of garnishment, and communications between employees and agencies. (*See e.g.,* Doc. 57 at 6-7; Doc. 99 at 2). While such allegations might be sufficient to withstand a motion to dismiss,[2] the mere fact that Lopez believes that documents should have been found is not sufficient to rebut the United States' showing of an adequate search. *See Steinberg v. U.S. Dept. of Justice*, 23 F.3d 548, 552 (D.D.C. 1994) (*quoting SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (the "mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search."). Indeed, as the Eleventh Circuit acknowledged:

> [t]he fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Thus, the Department is not required by the Act to account for documents which the requester has in some way identified if it has made a diligent search for those documents in the places in which they might be expected to be found; it is not necessary "to create a document that does not exist in order to satisfy a [FOIA] request.

*Ray*, 908 F.2d at 1559 (quoting *Miller v. U.S. Dept. of State,* 779 F.2d 1378, 1385 (8th Cir. 1985)).

Moreover, the fact that the Warden's memorandum authorizing the encumbrance was not produced in response to FOIA Request No. 2010-02251, but was instead produced several months later in response to a separate FOIA request (Request No. 2010-07847), does not, standing alone, render the BOP's initial search unreasonable. *See, e.g., People for the Ethical Treatment of Animals, Inc. v. Bureau of Indian Affairs*, 800 F.Supp.2d 173, 179 (D.D.C. 2011) (recognizing and

---

[2] In vacating the dismissal of this FOIA claim, the Eleventh Circuit found that because it did not appear that Lopez received the Warden's signed memorandum in response to FOIA Request No. 2010-02551, Lopez had plausibly alleged that the BOP failed to reasonably respond to his request. Doc. 73 at 23-24. The Eleventh Circuit reiterated that the issue should be resolved on summary judgment. *Id.* at 24.

relying on case where the court "'emphatically reject[ed]' the notion that an agency's disclosure of documents it had previously withheld renders its affidavits suspect" and finding that a later disclosure doesn't necessarily overcome a presumption of good faith on the part of an agency) (citation omitted).[3]

Accordingly, because the United States has shown that the BOP's search was reasonable and Lopez has not rebutted that evidence, summary judgment should be granted in favor of the United States as to FOIA Request No. 2010-02251.

B. FOIA Request No. 2010-07487

Plaintiff argues that the BOP failed to respond to the FOIA requests in his April 28, 2010 and May 25, 2010 letters. In those letters, Lopez requested any and all information relating to the freezing of funds from his prison account on March 31, 2010, April 21, 2010, and May 17, 2010. (Doc. 82-1 at 36, 37). This argument is wholly unsupported by the record.

The United States has offered unrefuted evidence showing that FOIA Request No. 2010-07847 consists of Lopez's April 28, 2010 and May 25, 2010 letters. Ms. Santos averred in her declaration that FOIA Request No. 2010-07847 was dated April 28, 2010 and May 25, 2010—the dates of the two letters. (Santos Declaration at ¶ 3). While the response to FOIA Request No. 2010-07847 did not specifically reference the letters, it stated that it was in response to Lopez's request for "all documents regarding the freezing of funds from your prison trust fund account." (Doc. 82-1 at 38). This broad language clearly encompasses the requests made in his letters.

Plaintiff is not challenging the BOP's response to FOIA Request No. 2010-07487, (*see e.g.,* Doc. 57 at 6 & n.6; Doc. 58 at 9), nor can he, because he did not exhaust his administrative

---

[3] The Warden's November 6, 2009 memorandum authorizing the encumbrance on Lopez's trust account was produced on June 10, 2010 in response to FOIA Request No. 10-07847. (Doc. 82-1 at 38-40).

remedies. *See e.g., Taylor v. Appleton*, 30 F.3d 1365, 1367 (1994) (FOIA "clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts."); *Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990) ("Courts have consistently confirmed that the FOIA requires exhaustion of the appeal process before an individual may seek relief in the courts.").

Accordingly, summary judgment should be granted in favor of the United States on FOIA Request No. 2010-07847.

### C. August 19, 2010 FOIA Request

Lastly, in a letter dated August 19, 2010, Lopez made a FOIA request for information from the United States Attorney's Office for the Southern District of Florida, Miami Division, Civil Litigation Department related to the garnishment proceedings in the Southern District of Florida. (Doc. 18, Exhibit H). The United States has moved to dismiss Lopez's claim with respect to this FOIA request on the basis of improper venue.[4]

For venue to be proper in the Middle District of Florida, Lopez would have to allege facts sufficient to establish that: (1) he is a resident of this District; (2) he has his principal place of business in this District; or (3) the records he seeks are maintained in this District. 5 U.S.C. § 552(a)(4)(B.), There is no dispute that he has not done so.

---

[4] Plaintiff's argument that the United States waived the venue argument is without merit. As the Court previously acknowledged, the second amended complaint was unclear as to which FOIA requests Lopez was challenging. *See* Doc. 59 at 1 ("As both the court and the defendants explained, Lopez's second amended complaint was unclear as to which FOIA requests Lopez challenged"). Indeed, it was not until Lopez filed his motion for reconsideration of the Court's order dismissing his claims, that it became clear that he was also challenging the response to his August 19, 2010 letter directed to the U.S. Attorney for the Southern District of Florida. (Doc. 58). The Court then *sua sponte* raised the venue issue and concluded that the Middle District of Florida was not the proper venue for that claim. (Doc. 59 at 3-4). While acknowledging that the court could raise on its own motion an issue of defective venue, the Eleventh Circuit nonetheless vacated the dismissal for improper venue because Lopez had not been given an opportunity to present his views on the issue, including whether transfer, as opposed to dismissal, was appropriate. (Doc. 73 at 25-6).

At the time he made the August 19, 2010 FOIA request, Lopez was incarcerated at FCC Coleman. For purposes of venue, a prisoner's place of incarceration is not his residence. *See Bontkoswki v. United States*, No. 5:04cv552C10GRJ, 2005 WL 2756029, at *2 (M.D. Fla. Oct. 25, 2015) (citing *Ellingburg v. Connet*, 457 F.2d 240, 241 (5th Cir. 1972). Plaintiff does not allege that his pre-incarceration residence is in the Middle District of Florida. Nor has he alleged that he has a principle place of business in this District. Likewise, the records Lopez seeks in his August 19, 2010 FOIA request are not maintained in the Middle District of Florida, but rather, the Southern District of Florida. *See* U.S. Department of Justice, Office of Information Policy, "Attachment B."[5] ("legal case files are not indexed or centralized in Washington, D.C., but are located in the office of the United States Attorney who handled the case."). Accordingly, venue is not proper in this Court.

When, as here, venue is improper, the Court may dismiss the case, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). The Eleventh Circuit has stated that "the decision whether to transfer a case is left to the sound discretion of the district court." *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982). "Generally, transfers based on the interest of justice are favored over the dismissal of actions." *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004) (citing, among others, *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)).

Lopez contends that the interest of justice favors transfer. The Court agrees due to the length of the pendency of this action. While Lopez expresses a preference for a transfer to the District of Columbia, his remaining FOIA claim is directly connected to the Southern District of

---

[5] "Attachment B" is available at http://www.justice.gov/oip/attachmentb.htm

Florida. Indeed, Lopez seeks information from the United States Attorney Office for the Southern District of Florida, Miami Division related to garnishment proceedings that took place in the Southern District of Florida. Thus, a transfer to the Southern District of Florida is appropriate.

Accordingly, in the interest of justice, and instead of outright dismissal, the Court should transfer Lopez's claim related to his August 19, 2010 FOIA request to the United States District Court for the Southern District of Florida, Miami Division.

### D. Recommendation

For the reasons discussed above, The United States of America's Motion to Dismiss, Or, Alternatively, for Summary Judgment (Doc. 82) should be **GRANTED** to the extent that summary judgment should be granted in favor of the United States as to FOIA Request No. 2010-02251 and FOIA Request No. 2010-07847; and Plaintiff's claim with respect to his August 19, 2010 FOIA Request should be transferred to the United States District Court for the Southern District of Florida, Miami Division. Plaintiff's cross-motion for summary judgment (Doc. 98) should be **DENIED.**

Recommended in Ocala, Florida on September 28, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy