UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-25132-CV-SCOLA
MAGISTRATE JUDGE REID

RAMON LOPEZ,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendants.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This Cause is before the Court upon a Motion for Summary Judgment, filed by the Executive Office for the United States Attorneys ("EOUSA"), Department of Justice ("DOJ"), and the United States Attorney's Office for the Southern District of Florida ("USAO-SDFL") (collectively, "the Government"). [ECF No. 135].

In his Third Amended Complaint,[1] Plaintiff claims the Government failed to produce records, in violation of the Freedom of Information Act ("FOIA"), relating

---

[1] Plaintiff erroneously titled this document his "Amended Complaint." [ECF No. 118].

to garnishment proceedings against him, specifically "the demand for payments" and "notices of intent to offset." [ECF No. 118 at 2].

## II. Factual and Procedural Background

This action began in the District Court for the Middle District of Florida, continued its litigation in the Eleventh Circuit, returned to the District Court for the Middle District of Florida, and was later transferred to this Court. [ECF Nos. 103; 104; 105]. The Middle District of Florida resolved all but one claim. [ECF No. 103]. That one remaining claim and only claim before this Court concerns an August 19, 2010 FOIA request. [ECF Nos. 103; 113; 118].

Accordingly, within his Third Amended Complaint, Plaintiff alleged he never received an acknowledgement of receipt or a response from the Executive Office of the United States Attorney's Office (EOUSA) to the FOIA request. [ECF No. 118 at 2]. Plaintiff wishes to obtain these records, as it relates to garnishment procedures against his property. [*Id.* at 2-3]. The Government filed the instant Motion for Summary Judgment, which is now before the Court. [ECF No. 135].

## III. Discussion

A. <u>Motion for Summary Judgment Standard in FOIA Case</u>

"Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law.'" *Grayson v. Warden, Comm'r, Ala. DOC*, 869 F. 3d 1204, 1220 (11th Cir. 2017) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In reviewing a motion for summary judgment, this Court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016) (quoting *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011)). Because summary judgment is appropriate only if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" *Great Am. All. Ins. Co. v. Anderson*, 847 F. 3d 1327, 1331 (11th Cir. 2017) (quoting Fed. R. Civ. P. 56(a)), the moving party necessarily carries the burden. *Great Am.*, 847 F. 3d at 1331 (relying upon *Celotex*, 477 U.S. at 323).

The relevant claims here arise under FOIA. "The purpose of FOIA is to encourage public disclosure of information so citizens may understand what their government is doing." *Office of Capital Collateral Counsel, N. Region of Fla. ex rel. Mordenti v. Dep't of Justice*, 331 F.3d 799, 802 (11th Cir. 2003).

An agency can prevail on summary judgment of a FOIA claim if it proves a search, reasonably calculated to uncover all relevant documents, transpired in conformity with the FOIA. *Karantsalis v. U.S. Dep't of Justice*, 635 F.3d 497, 500

(11th Cir. 2011) (internal quotation marks omitted). The search, therefore, need not be exhaustive. *Lopez v. United States*, 656 F. App'x 957, 967 (11th Cir. 2016). "An affidavit from a government official concerning a government agency's search in response to a FOIA request is sufficient evidence to establish that the search was 'reasonably calculated to uncover all relevant documents' provided that the affidavit is 'relatively detailed, nonconclusory, and submitted in good faith.'" *Id.* (quoting *Ray v. U.S. Dep't of Justice*, 908 F.2d 1549, 1558 (11th Cir. 1990) *rev'd on other grounds*, *U.S. Dep't of State v. Ray,* 502 U.S. 164 (1991)).

"If the agency satisfies its burden, the burden shifts to the requester to rebut the agency's evidence by showing that the search was not reasonable or was not conducted in good faith." *Lopez*, 656 F. App'x at 967 (internal quotation marks omitted).

B. The Government Met its Burden

The Government acknowledges that Plaintiff submitted a request for records pursuant to FOIA in August of 2010. [ECF No. 134 ¶ 1]. According to the declaration of an Attorney-Advisor for the EOUSA, EOUSA records show that it mailed 24 pages of responsive records to Plaintiff for his August 2010 FOIA request in February 2011. [ECF No. 134-1 ¶¶ 3-6]. The Attorney-Adviser further explained that "[p]otentially responsive records requiring careful review and redaction by an attorney often number hundreds, thousands, or sometimes even tens of thousands of

4

pages to determine which pages and parts of pages may lawfully be released." [*Id.* ¶ 4].

After the EOUSA received Plaintiff's Third Amended Complaint challenging the response to his August 2010 FOIA request, the EOUSA re-released another set of 24 pages of responsive records sent to him from the USAO-SDFL.[2] [*Id.* ¶ 8]. According to this official, those 24 pages "are the only records responsive" to Plaintiff's August 19, 2010 FOIA request "that presently exist." [*Id.* ¶ 9].

A FOIA Paralegal Specialist in charge of responding to FOIA requests for USAO-SDFL swore that she received a FOIA request in 2018, which Plaintiff submitted in 2017, stating that she was initially unable to find responsive materials. [ECF No. 134-2 ¶¶ 4-9]. Plaintiff's 2017 FOIA request is pertinent to Plaintiff's August 2010 FOIA request—the FOIA request at issue in this case—because of the material that the Government later uncovered in responding to the 2017 FOIA request. The 2017 FOIA request, acknowledged by EOUSA in 2018, was given the number FOIA No. 2018-000854. [*Id.* ¶ 5].

To process a response for FOIA No. 2018-000854, Government records show that a query on its internal database, CaseView, was made to identify and determine the likely location of documents relevant to Plaintiff. [*Id.*]. The Government's

---

[2] The Attorney-Advisor believed the 24 pages that were re-released were the same set of pages initially sent to Plaintiff. [*Id.* ¶ 8]. Because that statement is not rooted in personal knowledge as to what was actually sent in 2010, it cannot be considered. *See* Fed. R. Civ. P. 56(c)(4).

CaseView database indicated that USAO-SDFL's case files for case numbers 90-CR-0389 and 91-CR-0317 were closed, and an exact location for those physical files was not listed. [*Id.* ¶ 6]. The database, however, indicated that the restitution portions of Plaintiff's underlying criminal case had been assigned to former AUSA Elizabeth Stein and then later to AUSA Vivian Rosado. [*Id.*].

As part of the FOIA Paralegal Specialist's search for responsive documents, she sent an email to AUSA Vivian Rosado and Gerri Thompson, a Financial Litigation Unit Coordinator. [*Id.* ¶ 7]. She explained that Plaintiff made a FOIA request seeking "demand letters sent by former AUSA Elizabeth Stein, in relation to the criminal fines imposed against the Plaintiff in case numbers 90-CR-0389 and 91-CR-0317." [*Id.*]. The FOIA Paralegal Specialist also instructed AUSA Vivian Rosado and Gerri Thompson to contact her if either of them found responsive documents. [*Id.*]. Gerri Thompson reported that she had searched but could not find the physical records pertinent to Plaintiff. [*Id.*].

The Government's search continued. In March 2019, a request to search within the USAO-SDFL's closed file room for Plaintiff's criminal files had been made. [*Id.* ¶ 8]. Support Services Technician Tramale Bowens reported that he searched for those physical files, but he was unable to locate them. [*Id.*]. About a week later, the FOIA Paralegal Specialist closed FOIA No. 2018-000854 and

advised EOUSA that the physical files had not been located and that no responsive records were in USAO-SDFL's possession. [*Id.* ¶ 9].

After USAO-SDFL was served with the Third Amended Complaint,[3] its FOIA Paralegal Specialist received a copy of Plaintiff's 2010 FOIA file from archives [*Id.* ¶¶ 10-11]. In that closed 2010 file, she found the Plaintiff's 2010 FOIA request and the documents previously identified, located, and sent in response. [*Id.* ¶ 11]. The FOIA Paralegal Specialist notified EOUSA that USAO-SDFL located the FOIA file containing records responsive to Plaintiff's 2010 FOIA request. [*Id.* ¶ 12]. Those files were sent to EOUSA. [*Id.* ¶ 13]. The FOIA Paralegal Specialist swore that she is "not aware of any location in the USAO where the case file in case numbers 90-CR-0389 and 91-CR-0317 or any records which might be responsive to [Plaintiff's] request are likely to be located other than the locations which have already been searched[.]" [*Id.* ¶ 14]. She also swore that that she is unaware of any other method by which a search would yield additional responsive records. [*Id.*]

The Government has, therefore, met its initial burden at showing its search on Plaintiff's August 2010 FOIA request was reasonably calculated to uncover all relevant documents and that such documents were provided. *See Karantsalis*, 635 F.3d at 500.

---

[3] This declarant mistakenly referred to the Third Amended Complaint as Plaintiff's "Amended Complaint." [ECF No. 134-2 ¶ 10].

C. <u>Plaintiff Failed to Rebut with a Genuine Issue of Material Fact</u>

A prisoner's sworn pleading may be sufficient to create a genuine issue of material fact.[4] *See, e.g.*, *Wells v. Cramer*, 262 F. App'x 184, 187 (11th Cir. 2008).

In his declaration, Plaintiff conceded that he received "most of the documents" he requested in 2010. [ECF No. 144 at 20]. This contradicts Plaintiff's previous allegations that he received no "acknowledgement of receipt or response." [ECF No. 118 at 2]. As Plaintiff actually received documents in response to his 2010 FOIA request, this issue is now undisputed. *See* Fed. R. Civ. P. 56(e)(2).

The only remaining question is whether Plaintiff can show a genuine issue of material fact exists with respect to how the search was conducted, namely whether the search was "reasonably calculated to uncover all relevant documents." *See Ray*, 908 F.2d at 1558; *see also Lopez*, 656 F. App'x at 967.

Here, Plaintiff asserts that the FOIA documents he sought were not related to his two criminal cases and, therefore, the documents actually released to him were not reasonably calculated to uncover all responsive documents. [ECF No. 144 at 20]. In the same breath, Plaintiff concedes that he did not appeal because he received "most of the documents" he requested. [*Id.*]. This is blatantly inconsistent. As such,

---

[4] Worth mentioning, Plaintiff's Statement of Material Facts and Third Amended Complaint were not sworn under penalty of perjury [ECF Nos. 118; 144 at 1-3] because they do not "substantially" follow the form provided 28 U.S.C. § 1746. Plaintiff's declaration, however, "substantially" follows the form provided under § 1746. *See* Fed. R. Civ. P. 56(c).

Plaintiff's remarks on this point may be discounted. *See Sears v. Roberts*, 922 F.3d 1199, 1208 (11th Cir. 2019) (quoting *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013)).

In a similar vein, Plaintiff appears to indicate that the records provided were incomplete because "two crucial piece[s] of information" were missing, which Plaintiff suggests means the search was not reasonably calculated because the "crucial" information was inextricably intertwined with what was actually given. [*Id.* at 21]. Plaintiff fails to identify what material is so crucial that it demonstrates the search was anything less than reasonably calculated to uncover all responsive material.[5] His sworn assertions are too vague and conclusory. At best, Plaintiff merely indicates that the search was not exhaustive. That is not enough for him to meet his burden. *See Lopez*, 656 F. App'x at 967 (explaining the search need not be exhaustive, only reasonably conducted in good faith). At any rate, given the Government's extensive history searching and inquiring for records that might be responsive to the documents Plaintiff seeks, the search appears to have been quite exhaustive.

---

[5] Plaintiff further opined that the documents he seeks can be located because the Government has been able to reference background history about his criminal case in recent filings. [ECF No. 144 at 20-21] (citing [CR ECF No. 477] but Plaintiff likely meant to cite [CR ECF No. 476]). This seems to miss the mark. The mere fact that criminal records can be cited in 2019 does not suggest that the Government was in possession of the specific information he sought in 2010 or even now.

In sum, without any evidence identifying how the Government's 2010 search was unreasonable or otherwise not conducted in good faith,[6] Plaintiff has not shown a genuine issue of material fact exists. *See Lopez*, 656 F. App'x at 967.

### IV. Conclusions and Recommendations

Based on the foregoing, it is recommended that the Government's Motion for Summary Judgment be **GRANTED**. It is further recommended that this case be **CLOSED**.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a de novo determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

---

[6] In his declaration, Plaintiff "believe[s]" the Government has deliberately omitted all responsive documents because those documents "could show that the statements made" by a former Assistant United States Attorney during garnishment proceedings were inaccurate. [ECF No. 144 at 20]. The Court need not consider that assertion. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on matters stated."); *see also Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 851 (11th Cir. 2000) (explaining an affidavit based on "information and belief" is inadequate to create a genuine issue of material fact).

Signed this 29th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Ramon Lopez
42004-004
Edgefield
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 725
Edgefield, SC 29824
PRO SE

Anthony Erickson-Pogorzelski
US Attorney's Office
Civil
99 NE 4th Street
Suite 335
Miami, FL 33132
305-961-9296
Fax: 305-530-7139
Email: anthony.pogorzelski@usdoj.gov